UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE L. WHITE, | No. 2:19-cv-01498 AC |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f.[1] For the reasons that follow, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

////

////

---

[1] SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

I. PROCEDURAL BACKGROUND

Plaintiff applied for supplemental security income on June 3, 2016. Administrative Record ("AR") 214-20.[2] Plaintiff alleged the disability onset date was October 9, 2009. Id. The applications were disapproved initially (AR 122-24), and on reconsideration (AR 131-35). On February 27, 2018 ALJ Jane M. Maccione presided over hearings on plaintiff's challenge to the disapprovals. AR 58-94 (transcript). Plaintiff was present and testified at the hearing. Id. He was represented by attorney John Metsker at the hearing. Id. Jeanine Metildi, a vocational expert, also testified at the hearing. Id.

On August 15, 2018, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 21-30 (decision), 31-34 (exhibits). On June 6, 2019, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-3 (decision).

Plaintiff filed this action on August 5, 2019. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 7, 8. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 11 (plaintiff's summary judgment motion), 12 (Commissioner's summary judgment motion), 13 (plaintiff's reply).

II. FACTUAL BACKGROUND

Plaintiff was born in 1971, and accordingly was 44 years old when he filed his application. AR 95. Plaintiff has at least a high school education. AR 234-36.

III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

---

[2] The AR is electronically filed at ECF Nos. 10-3 to 10-10 (AR 1 to AR 394).

1          Substantial evidence is "more than a mere scintilla," but "may be less than a

2   preponderance." Molina v. Astrue , 674 F.3d 1104, 1111 (9th Cir. 2012).  "It means such

3   relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

4   Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).  "While

5   inferences from the record can constitute substantial evidence, only those 'reasonably drawn from

6   the record' will suffice."  Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation

7   omitted).

8          Although this court cannot substitute its discretion for that of the Commissioner, the court

9   nonetheless must review the record as a whole, "weighing both the evidence that supports and the

10  evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS,

11  846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The

12  court must consider both evidence that supports and evidence that detracts from the ALJ's

13  conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

14         "The ALJ is responsible for determining credibility, resolving conflicts in medical

15  testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th

16  Cir. 2001).  "Where the evidence is susceptible to more than one rational interpretation, one of

17  which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v. Barnhart,

18  278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons stated by the

19  ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely."  Orn

20  v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir.

21  2003) ("It was error for the district court to affirm the ALJ's credibility decision based on

22  evidence that the ALJ did not discuss").

23         The court will not reverse the Commissioner's decision if it is based on harmless error,

24  which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

25  ultimate nondisability determination.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

26  2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

27  Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

28  ////

IV.  RELEVANT LAW

Supplemental Security Income is available for every eligible individual who is "disabled." 42 U.S.C. § 1381a.  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. § 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. § 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., § 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., § 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., § 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id., § 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  20 C.F.R. § 416.912(a) ("In general, you have to prove to us that you are blind or disabled"); Bowen, 482 U.S. at 146 n.5.  However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can

engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. [Step 1] The claimant has not engaged in substantial gainful activity since June 3, 2016, the application date (20 CFR 416.971 *et seq.*).
>
> 2. [Step 2] The claimant has the following severe impairment: retained bullet fragment in the left side of the S1 vertebral body and projecting into the spinal canal, with atrophy in the left lower extremity (20 CFR 416.920(c)).
>
> 3. [Step 3] 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. [Preparation for Step 4] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 416.967(a), except he is able to lift and carry 10 pounds frequently and 20 pounds occasionally. His standing and/or walking are limited to two hours, cumulatively, during the workday. His sitting is limited to six hour, cumulatively, during the workday. He requires the use of a cane for ambulation over 100 yards. He is limited to walking on even surfaces. He is limited to occasional climbing of ramps and stairs; he cannot climb ropes, ladders, or scaffolds. He is limited to occasional balancing, stooping, kneeling, crouching, and crawling. He cannot operate foot controls with his left lower extremity. He requires the ability to sit or stand, alternating every 30 minutes, without time off task.
>
> 5. [Step 4] The claimant has no past relevant work (20 CFR 416.965).
>
> 6. [Step 5] The claimant was born [in 1971] and was 44 years old, which is defined as a younger individual age 18-44, on the date the application was filed. The applicant subsequently changed age category to a younger individual age 45-49 (20 CFR 416.963).
>
> 7. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
>
> 8. [Step 5, continued] Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CF'R 416.969 and 416.969(a)).

>   10. The claimant has not been under a disability, as defined in the Social Security Act, since June 3, 2016, the date the application was filed (20 CFR 416.920(g)).

AR 21-29.

As noted, the ALJ concluded that plaintiff was "not disabled" under Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 29.

## VI.  ANALYSIS

Plaintiff does not take issue with the assigned severe impairments or the assessed RFC. ECF No. 11 at 2. Instead, plaintiff brings a single allegation of error at step five, in which the ALJ relied on the VE's testimony to determine what jobs exist for a person with plaintiff's RFC and whether those jobs exist in significant numbers in the national economy. Id. at 4. Plaintiff argues that the three assessed occupations ("Assembler," "Table Worker," and "Film Touch Up Inspector") do not "exist in significant numbers." Id. The undersigned finds plaintiff's argument to be without merit.

An ALJ may rely on a VE's testimony regarding the number of relevant jobs in the national economy. "An ALJ may take administrative notice of any reliable job information, including information provided by a VE. A VE's recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required." Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (internal citations omitted). Ninth Circuit "precedent defers to an ALJ's supported finding that a particular number of jobs in the claimant's region was significant." Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 527 (9th Cir. 2014). While this circuit has "never set out a bright-line rule for what constitutes a 'significant number' of jobs[, it has] upheld a number of jobs less than 2,500 in a handful of cases[.]" Id. at 528.

Here, the VE testified that an individual with the plaintiff's RFC could perform the jobs Table Worker, Assembler, and Film Touch Up Inspector. AR 84. She further testified that there are approximately 72,000 Table Worker jobs, 65,000 Assembler jobs, and 32,000 Film Touch Up Inspector jobs in the national economy. Id. On cross-examination, the VE testified that she arrived at these numbers using the Bureau of Labor Statistics data as extrapolated by SkillTRAN, a private software company. AR 87. The VE testified that she used SkillTRAN because it has all

6

1 the DOTs and everything is "broken down." AR 91. She testified that SkillTRAN is considered

2 "very reliable" within her profession. AR 92. The ALJ accepted the VE's testimony, noting that

3 the VE has "professional knowledge and experience in job placement" and that she "relied upon

4 SkillTRAN and explained why "SkillTRAN is reliable." AR 29.

5 The plaintiff challenges the validity of the VE's numbers by asserting that the DOT lists

6 only 136 unskilled sedentary jobs, pointing to a website. ECF No. 11 at 6. Plaintiff further

7 alleges that the president of SkillTran stated in 2015 that the estimated national sedentary

8 occupational base was under 200,000 and declining, citing to another website. Id. Finally,

9 plaintiff maintains that her attorney obtained a copy of SkillTRAN's program "Job Browser Pro"

10 and looked up the jobs the VE testified to, finding lower availability numbers. ECF No. 11 at 7.

11 None of plaintiff's arguments establish error by the ALJ. Plaintiff asks the court to make

12 its own assessment of job availability based on her counsel's personal research, when the relevant

13 question is whether the ALJ properly relied on the VE's testimony. The undersigned finds that

14 the ALJ did properly rely on the VE's testimony, and indeed the ALJ made specific findings of

15 reliability. AR 29. Ninth Circuit precedent clearly supports the ALJ's authority to make a

16 credibility finding regarding the VE's testimony, and to rely on that testimony with respect to job

17 availably. Plaintiff has not demonstrated error, and her motion for summary judgment must be

18 denied.

19 VII.  CONCLUSION

20 For the reasons set forth above, IT IS HEREBY ORDERED that:

21 1. Plaintiff's motion for summary judgment (ECF No. 11), is DENIED;

22 2. The Commissioner's cross-motion for summary judgment (ECF No. 12), is

23 GRANTED;

24 3. The Clerk of the Court shall enter judgment for defendant, and close this case.

25 SO ORDERED.

26 DATED: July 22, 2020

27 _____
ALLISON CLAIRE
28 UNITED STATES MAGISTRATE JUDGE