UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE L. WHITE,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No.  2:19-cv-01498-AC<br><br><u>ORDER</u> |

Plaintiff Tyrone L. White commenced this social security action on August 5, 2019. ECF Nos. 1-3.[1] On July 23, 2020, the court denied plaintiff's motion for summary judgment, granted the Commissioner's cross-motion for summary judgment, and entered judgment for the Commissioner. ECF Nos. 14, 15. A single issue was presented in this case: whether the ALJ was entitled to rely on the VE's testimony to determine what jobs exist for a person with plaintiff's RFC and whether those jobs exist in significant numbers in the national economy. ECF No. 11 at 4. The undersigned determined that the ALJ was entitled to rely on the VE's testimony regarding the number of relevant jobs in the national economy. ECF No. 14 at 6.

---

[1] This case was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(15) and both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 8.

Plaintiff appealed to the Ninth Circuit, which issued a published opinion applying and extending a recently decided prior case (Buck v. Berryhill, 869 F.3d 1040 (9th Cir. 2017)) to hold that a claimant's presentation of job availability that varies significantly from that presented by the Vocational Expert, even when presented for the first time to the Appeals Council, requires the ALJ to specifically address claimant's evidence of widely discrepant job number estimates. White v. Kijakazi, 44 F.4th 828, 830 (9th Cir. 2022). The Ninth Circuit accordingly reversed and remanded the case to the undersigned with instructions to reverse and remand to the agency. Id.

Presently pending before the court is plaintiff's motion for attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 24. The Commissioner filed an opposition to plaintiff's motion. ECF No. 25. Plaintiff did not reply. The EAJA provides, in part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, <u>unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust</u>.
>
> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C)(emphasis added).

////

The Commissioner argues that plaintiff is not entitled to an award of fees under the EAJA because the position of the Commissioner was substantially justified. See Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995) (holding that claimant is entitled to attorneys' fees unless the government shows that its position "with respect to the issue on which the court based its remand was 'substantially justified'").

The burden of establishing substantial justification is on the government. Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). In Pierce v. Underwood, 487 U.S. 552 (1988), the Supreme Court defined "substantial justification" as:

> "justified in substance or in the main" – that is, justified to a degree that could satisfy a reasonable person. That is no different from the "reasonable basis in both law and fact" formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue.

Id. at 565. A position does not have to be correct to be substantially justified. Id. at 566 n.2; see also Lewis v. Barnhart, 281 F.3d 1081, 1083 (9th Cir. 2002). In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. Gutierrez, 274 F.3d at 1259.

Here, the Commissioner was substantially justified in its position at the time that position was asserted. Indeed, the undersigned initially ruled in favor of the Commissioner based on the law as it existed and was understood at the time. ECF No. 14. Although Buck v. Berryhill had been decided before this case was filed, neither party referenced it in their briefing, presumably because they were either unaware of the case or believed it did not apply to the facts presented in this case. ECF Nos. 11, 12, 13. Further, the Ninth Circuit acknowledged an extension of Buck to the circumstances of this case, in which plaintiff did not raise the job availability discrepancy to the ALJ, writing "We recognize that the claimant in Buck submitted his estimated job numbers to the ALJ, and that White submitted his estimated job numbers to the Appeals Council. This distinction is not fatal." White, 44 F.4th at 837.

Plaintiff argues the Commissioner's position was not substantially justified because (1) the software producing more accurate job numbers was available at the initial ALJ determination

3

1  level and the Commissioner advanced a false narrative while having ready access to more
2  accurate numbers, (2) the court of appeals held that the rebuttal evidence presented to the Appeals
3  Counsel was significant, probative, and reasonably likely to change the outcome of the disability
4  determination, yet the Appeals Counsel upheld the ALJ, and (3) the Commissioner's own
5  vocational expert witness made false statements about job availability, and this misconduct
6  cannot be substantially justified.  ECF No. 24 at 5-6.  None of the factors that plaintiff addresses
7  were the basis for reversal in this action, however.

8  Plaintiff fails to address the fact that this case turned on the extent to which the ALJ is
9  allowed to rely on the VE's job numbers and the extent to which that reliance can be upheld
10 where conflicting evidence is presented to the Appeals Council.  In the initial order in favor of the
11 Commissioner, the undersigned relied on Ninth Circuit precedent which "defers to an ALJ's
12 supported finding that a particular number of jobs in the claimant's region was significant.
13 Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 527 (9th Cir. 2014)."  ECF No. 14 at 6.  The
14 Commissioner's reliance on this precedent was substantially justified.

15 The court recognizes that the "substantially justified" exception to EAJA fees has the very
16 unfortunate effect of depriving counsel of fees when they are perhaps most deserved: instances in
17 which plaintiff's counsel successfully alters or extends the state of the law on appeal to a Circuit
18 Court.  However, plaintiff presents no case law stating that even where the Commissioner *was*
19 substantially justified, the court has discretion to award EAJA fees.  The court reads the plain text
20 of the EAJA to require a non-award of fees where the Commissioner was substantially justified.
21 28 U.S.C. § 2412(d)(1)(A)-(C).

22 Accordingly, plaintiff's motion (ECF No. 24) is DENIED.

23 IT IS SO ORDERED.

24 DATED: February 1, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE